(Reap. Dec. 10787)

CIBA COMPANY, INC. *v.* UNITED STATES

Entry No. 919158.

(Decided June 30, 1964)

*Eugene R. Pickrell* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

WILSON, Judge: This appeal for reappraisement was submitted upon the following written stipulation entered into between the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorney for the Plaintiff and the Assistant Attorney General for the United States, defendant, that:

1. The merchandise at bar consists of Neolan Flavine GFE 24%, a coal tar dye, exported from Switzerland, during the first half of the calendar year 1959.

2. "Neolan Flavine GFE 24%" appears on the final list, T.D. 54521, preceded by an asterisk (*), which asterisk indicates that the article thus marked was not on the preliminary list published in the Federal Register dated August 23, 1957 (22 F.R. 6842), but was added after investigation provided for under section 6(a) of the Customs Simplification Act of 1956.

3. The following notices relating to the preparation of the preliminary and final lists referred to in Section 6(a) of said Act were published in the Federal Register:

(A) A notice inviting comments relating to publication of the Preliminary List. (Friday, November 9, 1956, 21 F.R. 8669.)

(B) A notice extending the time for comments relating to publication of the preliminary list. (Saturday, January 5, 1957, 22 F.R. 152.)

(C) A notice of procedure to be followed by domestic interests after publication of the preliminary list (Tuesday, August 20, 1957, 22 F.R. 6663).

(D) The preliminary list (Friday, August 23, 1957, 22 F.R. 6842).

(E) The final list (Tuesday, January 28, 1958, 23 F.R. 539).

4. Appraisement was made on the basis of United States value as defined in section 402a(e), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, pursuant to Paragraph 28 (c) and (d) of the Tariff Act of 1930, as amended. It is claimed by plaintiff that United States value as defined in section 402(c), Tariff Act of 1930, as amended, *supra*, should have been the basis of appraisement.

5. Neolan Flavine GFE 24% was not appraised during the fiscal year 1954.

6. If the final list designation of the merchandise is proper, the appraised value of $1.7511 per pound, net packed, represents United States value. If the final list designation of the merchandise is invalid, United States value, as claimed, is $1.6986 per pound, net packed.

7. This appeal may be submitted on this stipulation, limited to the merchandise as aforesaid, and plaintiff may have sixty days from date of submission in which to file a brief and defendant may have sixty days from receipt of plaintiff's brief in which to file a brief.

The facts as stipulated are substantially the same as, and, for the purposes of this decision, identical to the facts in the case of *Ciba Company, Inc.* v. *United States*, 50 Cust. Ct. 493, Reap. Dec. 10532, decided June 6, 1963, involving the same parties.

In neither case was the involved product imported or appraised in the year 1954. In the instant case and in the *Ciba* case, above cited, the merchandise was not placed on the preliminary list by the Secretary of the Treasury but was on the final list. The only issue between the parties in the former *Ciba* case was, and in the present case is, whether the inclusion of the merchandise at bar on the final list is a valid exercise of authority by the Secretary of the Treasury or was the inclusion of the involved merchandise on said final list an invalid act. If valid, the parties agree that the appraised value was proper and should stand, and if such exercise of authority was invalid, then

the valuation claimed by the plaintiff is correct and should supersede the Government's appraisal.

This question was thoroughly considered in the previous *Ciba* case, *supra*. In that case, after an extensive consideration of all the questions involved, the court reached the conclusion that the inclusion of the product there involved on the final list by the Secretary of the Treasury was a valid exercise of authority and that the official appraisement should stand. After reviewing the first *Ciba* case and studying the stipulation and briefs of the parties in the case now at bar, the court is of the opinion that the present case is controlled by the previous decision. The essential facts are the same, and the law and reasoning set forth in the previous *Ciba* case are fully applicable to the case now under consideration. The court deems it unnecessary to repeat herein the reasoning in the former case.

On the record as presented, the court finds the following facts:

1. The merchandise involved in this appeal consists of Neolan Flavine GFE 24 percent, a coal-tar dye, exported from Switzerland during the first half of the calendar year 1959.

2. Said Neolan Flavine GFE 24 percent appears on the final list, T.D. 54521, preceded by an asterisk (*), which asterisk indicates that the article thus marked was not on the preliminary list published in the Federal Register dated August 23, 1957 (22 F.R. 6842), but was added after investigation provided for under section 6(a) of the Customs Simplification Act of 1956.

3. The following notices relating to the preparation of the preliminary and final lists referred to in section 6(a) of said act were published in the Federal Register:

(A) A notice inviting comments relating to publication of the Preliminary List. (Friday, November 9, 1956, 21 F.R. 8669.)

(B) A notice extending the time for comments relating to publication of the preliminary list. (Saturday, January 5, 1957, 22 F.R. 152.)

(C) A notice of procedure to be followed by domestic interests after publication of the preliminary list. (Tuesday, August 20, 1957, 22 F.R. 6663.)

(D) The preliminary list. (Friday, August 23, 1957, 22 F.R. 6842.)

(E) The final list. (Tuesday, January 28, 1958, 23 F.R. 539.)

4. The merchandise under consideration was appraised on the basis of United States value, as defined in section 402a(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, pursuant to paragraph 28 (c) and (d) of the Tariff Act of 1930, as amended.

5. The product under consideration was not appraised during the year 1954.

6. The merchandise was appraised at the value of $1.7511 per pound, net, packed, on the basis of United States value.

As a matter of law, I conclude as follows:

1. That the proper basis for appraisement of the merchandise at bar is United States value, as that value is defined in section 402a(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That such value was the appraised value, namely $1.7511 per pound, net, packed.

Judgment will be entered accordingly.